This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                           NO. 31,921

**RAMON ARTURO RASCON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Ramon Rascon (Defendant) appeals his convictions for child abuse (negligently caused, no death or great bodily harm), homicide by vehicle (DWI and reckless), great bodily injury by vehicle (DWI or reckless), aggravated DWI, and reckless driving. [RP 443] Our second notice proposed to affirm, in part, and to reverse and remand, in part. Defendant filed a second memorandum in opposition to our proposed affirmance (2nd MIO), and the State filed a response, indicating that it agrees with our proposed disposition. We remain unpersuaded by Defendant's arguments and therefore affirm Issues A-E and reverse and remand for resentencing as provided in Issue F.

For Issues A-D, Defendant's second memorandum provides that he "continues to object to this Court's proposed summary affirmance and relies on the arguments made in his first memorandum for these issues." [2nd MIO 1] For the reasons extensively detailed in our second notice, we are not persuaded by Defendant's arguments and therefore affirm.

For Issue E, Defendant also continues to argue that the district court erred in designating his felony convictions as serious violent offenses pursuant to NMSA 1978, Section 33-2-34 (2006). [2nd MIO 1] As support for his argument, Defendant asserts that the district court failed to engage in the required "reasoned measurement process" [1st MIO 30] to assess that the crimes merited designation as serious violent

2

offenses. *See generally State v. Solano*, 2009-NMCA-098, ¶ 10, 146 N.M. 831, 215 P.3d 769 (addressing when a district court may designate a crime as a serious violent offense). As we pointed out in our first and second notices, the judgment and sentence provides that the district court, in designating his offenses as serious violent offenses, considered the high concentration of methamphetamine in Defendant's system, the force of the collision, and his prior drug use. [RP 445] We conclude that these factors support the district court's designation of his offenses as serious violent offenses. *See generally Solano*, 2009-NMCA-098, ¶¶ 1, 29 (affirming the district court's designation of the defendant's vehicular homicide conviction as a serious violent offense because, among other reasons, the defendant had a history with alcohol, he refused to address the problem, and he insisted on continuing to drive while drunk); *State v. Wildgrube*, 2003-NMCA-108, ¶¶ 1, 37-38, 134 N.M. 262, 75 P.3d 862 (affirming the district court's designation of the defendant's vehicular homicide as a serious violent offense where the court noted, among other things, that the defendant had "consumed a significant amount of alcohol" and proceeded to drive in a reckless manner such that he drove into and killed a person).

Despite the foregoing, Defendant argues that the designation was especially inappropriate for his child abuse conviction, which was based on the endangerment of his own daughter who was a passenger in his vehicle and who was not physically

harmed in the incident. [2nd MIO 1-2] While Defendant's child may not have been harmed as a result of Defendant's actions, the serious violent offender designation was not premised on the lack of physical harm to Defendant's child, but instead on the high concentration of methamphetamine in his system, the force of the collision, and his prior drug use. While in the end Defendant's child was not physically harmed, she nonetheless was a victim, along with others, of Defendant's crime that was exacerbated by the foregoing factors, thereby meriting the serious violent offender designation.

Lastly, with respect to Issue F, both Defendant and the State agree that it is appropriate for this Court to reverse and remand with instructions that the district court vacate one of the convictions for each of the underlying offenses for which Defendant was convicted and sentenced in the alternative. [Defendant's 2nd MIO 3; State's response/2]

To conclude, we affirm Issues A-E and reverse and remand for resentencing for Issue F.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**